IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv76
(3:04cr304)

| | |
|---|---|
| DARRELL EUGENE DIGSBY,  )<br>                                                      )<br>         Petitioner,                       )<br>                                                      )<br>         v.                                      )<br>                                                      )<br>UNITED STATES OF AMERICA, )<br>                                                      )<br>         Respondent.                   )<br>_____) | ORDER and NOTICE |

**THIS MATTER** is before the Court upon Respondent's Motion for Summary Judgment. (Doc. No. 9).

In accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advises Petitioner, who is proceeding pro se, of the heavy burden that he carries in responding to Respondent's Motion for Summary Judgment.

Rule 56(e) of the Federal Rules of Civil Procedure provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Petitioner has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this Court in a form which would otherwise be admissible at trial, that is, in the form of affidavits or unsworn declarations. An affidavit is a written statement sworn before a notary public. An unsworn statement, made and signed under

penalty of perjury, may also be submitted.  Affidavits or unsworn statements must be presented by Petitioner to this Court within thirty (30) days of the entry of this Order.  <u>As stated by Rule 56(e), Petitioner's failure to respond may result in granting summary judgment to Respondent, that is, the dismissal of the Motion to Vacate with prejudice</u>.

**IT IS, THEREFORE, ORDERED** that Petitioner has thirty (30) days from the entry of this Order to file his response, including any evidence, to Respondent's Motion for Summary Judgment.

The Clerk is directed to send copies of this Order and Notice to the parties, including Darrell Eugene Digsby, No. 19842-058, Pollock United States Penitentiary, Inmate Mail/Parcels, P.O. Box 2099, Pollock, Louisiana 31055.

Signed: June 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge