IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv76
(3:04cr304)

DARRELL EUGENE DIGSBY, )
)
Petitioner, )
)
v. ) ORDER
)
UNITED STATES OF AMERICA, )
)
Respondent. )
_____)

**THIS MATTER** is before the Court on Petitioner's documents captioned as "Order for Subpoenas" (Doc. No. 15), "Motion of Recommendation" (Doc. No. 16), and "Motion To Amend And/Or Supplement Pleadings Pursuant To Rule 15(a) and (d) of F.R. of Civ. Procedures" (Doc. No. 17).

Petitioner asks the Court to issue subpoenas for several persons who were present at the scene of his arrest for the underlying firearm offense. (Doc. No. 15). However, 28 U.S.C. § 2255(c) allows the Court to determine a motion to vacate without a hearing, and the government has moved for summary judgment (Doc. No. 9). Should the Court conclude that an evidentiary hearing is necessary, the parties will be notified and, at that time, Petitioner may renew his request for subpoenas.

Petitioner sets forth additional arguments relating to his claim that his former attorney was ineffective. (Doc. No. 16). Petitioner offers no explanation for not including these allegations in his Motion to Vacate, nor has he asked the Court to amend his motion to include

them. In fact, Petitioner asks for no relief on the basis of his new arguments. Therefore, Petitioner's Motion of Recommendation will be denied as moot.

Finally, Petitioner seeks to amend his Motion to Vacate to include a claim based upon Amendment 709 to the U.S. Sentencing Guidelines. (Doc. No. 17). Because Respondent already has answered the Motion to Vacate, Petitioner's Motion must be evaluated under Rule 15(a)(2) of the Federal Rules of Civil Procedure which provides that "a party may amend the party's pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice requires." However, "[a] court may refuse to allow leave to amend pleadings when the proposed changes would be futile." New Beckley Mining Corp. v. Int'l Union, 18 F.3d 1161, 1164 (4th Cir. 1994). Here, amendment of the motion would be futile because Amendment 709 does not retroactively apply to Petitioner's sentence. United States v. Cofield, 259 F. App'x 575, 576 (4th Cir. 2007). Accordingly, Petitioner's Motion to Amend and/or Supplement will be denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Order for Subpoenas (Doc. No. 15) is **DENIED** without prejudice;

2. Petitioner's Motion of Recommendation (Doc. No. 16) is **DENIED** as moot; and

3. Petitioner's Motion to Amend and/or Supplement Pleadings (Doc. No. 17) is **DENIED**.

Signed: June 26, 2008

Robert J. Conrad, Jr.
Chief United States District Judge